UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIELLE JACOBS,

       Plaintiff,

v.

TAKHAR COLLECTION SERVICES, LTD., and

DOE 1,

       Defendants.

Civil Action No. 1:12-CV-85-MP-GRJ

### PLAINTIFF'S AMENDED MOTION AND MEMORANDA IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT

Plaintiff, pursuant to FRCP 55(b)(2), respectfully requests this Honorable Court to enter Default Judgment against Defendant TAKHAR COLLECTION SERVICES, LTD. (hereinafter "Defendant"), and to award Plaintiff $2,473.40 in damages.

### I. PROCEDURAL BACKGROUND.

On April 26, 2012, Plaintiff filed suit against Defendant alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). Defendant was served with the lawsuit on May 30, 2012. Defendant failed to file a responsive pleading or otherwise appear in any manner. Defendant did not contact Plaintiff. On June 25, 2012, Plaintiff filed a Request for

Entry of Default, which the Court granted and entered on June 26, 2012. Defendant did not move to set aside the Entry of Default or otherwise appear.

## II. CASE IS RIPE OF ENTRY OF DEFAULT JUDGMENT.

Plaintiff states the following in support of the requested Default Judgment:

1.) Defendant was sued on April 26, 2011 and served with the summons on May 30, 2011. (See Exhibit A).

2.) As the record reveals, Defendant failed to file a responsive pleading or otherwise appear.

3.) The Clerk of this Court entered a Default as to Defendant on June 26, 2012.

4.) Defendant is not a minor or an incompetent person.

5.) The Service Members Civil Relief Act does not apply to this company Defendant.

6.) Defendant was served with the Request for Entry of Default and the current Motion for Entry of Default Judgment. (See Exhibit B).

7.) In light of the foregoing, it is highly unlikely that Defendant's default was the result of excusable neglect.

## III. PLAINTIFF'S COMPLAINT SUPPORTS THE PROPOSED DEFAULT JUDGMENT.

In her Complaint, Plaintiff alleged the following:

1.) Defendant is a "debt collector" as defined in 15 U.S.C. 1692a.

2.) Defendant contact Plaintiff in an attempt to collect upon a consumer debt allegedly owed.

3.) Defendant had actual knowledge of Plaintiff's current mailing address.

4.) Defendant refused to provide, and in fact did not provide, Plaintiff with debt validation information required by 15 U.S.C. 1692g.

5.) Defendant yelled at Plaintiff: "What, are you stupid?  I'm telling you this is going to mess up your credit score!  What is wrong with you?  Pay the bill now!"

The general prohibition of 15 U.S.C. 1692d provides that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…"  Plaintiff submits that Defendant having yelled at her statements such as "What, are you stupid?" and "What is wrong with you?" is conduct the natural consequence of which is to "harass, oppress, or abuse [a] person in connection with the collection of a debt."

15 U.S.C 1692g mandates that a debt collector provide a consumer with validation information concerning an alleged debt as follows:

(a) Notice of debt; contents

   Within five days after the initial communication with a consumer in
connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial
communication or the consumer has paid the debt, send the consumer a
written notice containing--
      (1) the amount of the debt;
      (2) the name of the creditor to whom the debt is owed;
      (3) a statement that unless the consumer, within thirty days
after receipt of the notice, disputes the validity of the debt, or
any portion thereof, the debt will be assumed to be valid by the

3

      debt collector;
          (4) a statement that if the consumer notifies the debt collector
in writing within the thirty-day period that the debt, or any
portion thereof, is disputed, the debt collector will obtain
verification of the debt or a copy of a judgment against the
consumer and a copy of such verification or judgment will be mailed
to the consumer by the debt collector; and
          (5) a statement that, upon the consumer's written request within
the thirty-day period, the debt collector will provide the consumer
with the name and address of the original creditor, if different
from the current creditor.

Plaintiff submits that Defendant refused and failed to provide her with information satisfying the requirements of 1692g.

Plaintiff's allegations are sufficient to show that Defendant violated the Fair Debt Collection Practices Act. By failing to respond to the Complaint, Defendant has admitted the facts as alleged by Plaintiff to be true.

## IV. DAMAGES

### A.) Damages Available Under the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act provides for statutory damages as the court may allow, but not exceeding $1,000; any actual damage sustained by such person, and the costs of the action, together with a reasonable attorney's fee as determined by the court. (15 U.S.C. 1692k). Plaintiff seeks $1,000 in statutory damages, $360.90 in costs, and $1,112.50 in attorney's fees.

### B.) Evidence Supports the Statutory Damages Sought.

The statutory damages available under the Fair Debt Collection Practices Act have not changed since enacted in 1977. Adjusting for inflation, $1,000 in 1977 would be $3,780.59 in 2012. (Calculated using the "CPI Inflation Calculator" available from the United States Department of Labor Bureau of Labor Statistics). As such, today's victims of FDCPA violations recover comparatively little in relation to the original intent of the Act. Plaintiff suffered from two separate violation of the Act, one of which was malicious in nature and both of which were intentional acts. Plaintiff therefore prays for $1,000 in statutory damages.

**C.) Evidence, Public Policy, and Case Law Supports the Costs and Attorney's Fees Sought.**

15 U.S.C. 1692k(a) provides that a victim of an FDCPA violation may recover the (costs of the action, together with a reasonable attorney's fee as determined by the court." An award of attorney's fees under an FDCPA action is mandatory. (*Tolentino v. Friedman*, 46 F.3d 645, 651-652; *Lee v. Thomas & Thomas*, 109 F.3d 302, 307). The *Tolentino* court noted:

> Given the structure of the section [15 U.S.C. 1692k], attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. (*Tolentino v. Friedman*, 46 F.3d 645, 651-652).

Reasonable attorney's fees are also to include work performed by paralegals and others in support of the attorney. (*Missouri v. Jenkins*, 491 U.S. 274, 285).

Plaintiff's counsel, Robert Amador of Centennial Law Offices practices almost exclusively in consumer protection law, predominantly with Fair Debt Collection Practices Act

5

cases. Plaintiff's counsel engages in a multi-jurisdiction practice of law and has appeared in FDCPA cases filed in federal courts in jurisdictions across the country. Plaintiff's counsel, in FDCPA cases as well as with all other matters, bills at a rate of $300.00 per hour for attorney time and $50.00 per hour for paralegal/staff time.

Plaintiff submits that the hourly rate of $300.00 is reasonable. Data collected from the 2007 National Law Journal billing survey revealed that the median billing rate for a partner exceeds $300.00 per hour in the Florida cities in which data was available and $595.00 in central California (where Plaintiff's counsel is located). (See Exhibit C). The United States Consumer Law Attorney Fee Survey Report (2011) revealed a small-firm average billing rate of $312.00 per hour for Florida attorneys and $350.00 per hour for California attorneys. (See page 15 of Exhibit D).

A reasonable attorney's fee (in total) may be calculated by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." (*Hensley v. Eckerhart*, 461 U.S. 424, 433). Plaintiff's counsel has provided a detailed billing summary of the hours spent on the case including paralegal/staff hours. The monetary total is $1,112.50. (See Exhibit E).

The fee-shifting effect of 15 U.S.C. 1692k allows victims of FDCPA violations to retain counsel where they would not otherwise be able to do so. Due to the maximum $1,000 recovery applicable to most claims, a contingency-fee arrangement would not realistically allow a Plaintiff to attract counsel. Similarly, paying counsel out-of-pocket would be unrealistic based on a possible recovery of $1,000.00. Enforcement of the FDCPA often hinges on consumer attorneys willing to represent plaintiffs based exclusively on the prospect of obtaining a reasonable

attorney's fee award under 15 U.S.C. 1692k.  Indeed, in the present case Plaintiff's counsel did not charge Plaintiff an out-of-pocket fee for representation.

## V. CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter Default Judgment against Defendant in the amount of $1,000 in statutory damages, $360.90 in costs, and $1,112.50 in attorney's fees.  Entry of judgment for the damages sought comports with the public policy behind the Fair Debt Collection Practices Act, namely to provide consumers with a worthwhile remedy against unlawful collection activity.

Date:  September 18, 2012

_____

ROBERT AMADOR, ESQ.
Attorney for Plaintiff DANIELLE JACOBS
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com

## CERTIFICATE OF SERVICE

      I certify that on this date, September 18, 2012, I mailed a copy of the foregoing PLAINTIFF'S AMENDED MOTION AND MEMORANDA    IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT, First Class U.S. Mail, to the following party:

Takhar Collection Services, Ltd.
1623 Military Road, Suite 537
Niagara Falls, New York 14304

_____

ROBERT AMADOR, ESQ.
Attorney for Plaintiff DANIELLE JACOBS
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com